Coy Taylor v. The State.

No. 5325. Decided March 19, 1919.

**1.—Petty Theft—Complaint—Ownership—Variance.**

Where defendant filed a motion to quash the complaint because the same alleged that the property belonged to one Harrison, when the proof showed it belonged to the Panther Auto Supply Co., the objection should have been made to the evidence and not by motion to quash; besides, Harrison was president and manager of the company.

**2.—Same—Requested Charge—Practice on Appeal.**

Where it did not appear from the record whether the requested charges were asked before the argument or thereafter, the same could not be considered on appeal.

**3.—Same—Evidence—Written Memorandum—Practice.**

Where the State offered a written memorandum to which the defendant objected, and before the court ruled, defendant withdrew his objection and the State withdrew said proffered instrument, whereupon defendant offered the same in evidence and an objection by the State was sustained, there was no reversible error.

**4.—Same—Evidence—Identification—Bill of Exceptions.**

Where the bill of exceptions to the testimony as to the identification of the alleged stolen property did not negative the fact of defendant's presence, the same cannot be considered; besides the bill did not point out and state the facts.

**5.—Same—Defendant's Failure to Testify.**

Where the remarks of State's counsel did not constitute a reference to defendant's failure to testify, there was no reversible error.

**6.—Same—Newly Discovered Evidence.**

Where the witnesses were in attendence but not placed on the witness stand, their testimony cannot be regarded as newly discovered evidence.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown, judge.

Appeal from a conviction of petty theft; penalty, a fine of $50, and thirty days confinement in the county jail.

The opinion states the case.

*Philip O. Lopp* and *Robinson & Cogdell,* for appellant.—On question of ownership: Case v. State, 12 Texas Crim. App., 228; Bailey v. State, 20 id., 68; Williams v. State, 57 S. W. Rep., 93. 93.

On question of withdrawing written memorandum: Anderson v. State, 14 Texas Crim. App., 49; Cannada v. State, 24 S. W. Rep., 513.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of newly discovered evidence; Gotcher v. State, 66 Texas Crim. Rep., 522, 148 S. W. Rep., 574.

LATTIMORE, JUDGE.—Appellant was convicted of misdemeanor theft of automobile tires and his punishment fixed at thirty days in jail and a fine of $25.

Complaint is made that the evidence does not support the verdict. The proof shows that appellant worked for the Panther Auto. Supply Co., of which W. M. Harrison was president and manager and in whom the ownership and possession of the alleged stolen property was laid; that appellant had a friend named Shaw who owned a Ford car which appellant sometimes borrowed, and that on one occasion, shortly before the institution of this prosecution, appellant borrowed the car and when he brought it back it had two new casing on it, and that appellant said to his friend Shaw: "I put two new casings on your car." These were the alleged stolen casings and were identified as the property of the Panther Auto. Supply Company. Appellant offered no testimony to controvert any of these facts. He moved the court to quash the complaint because same alleged that the property belonged to one Harrison when, as he claimed, the proof showed it belonged to the Panther Auto Supply Company. This would not have been ground for a motion to quash, but if available to appellant at all same should have been presented in the form of an objection to the proof on the ground of variance.

Complaint is also made of the refusal of the trial court to give certain special charges, but the bill of exceptions to the court's action, fails to show whether the charges were asked by appellant before the argument began or after it ended, or at what stage of the proceedings, and thus same are insufficient.

The sixth ground of appellant's motion for new trial shows that the State offered a written memorandum to which appellant objected, but that before the court ruled, the appellant withdrew his objection and thereupon the State withdrew said proffered instrument, whereupon appellant immediately offered the same in evidence, and, the State objecting, the court sustained said objection

There was no error in the court's action. The document had not gotten to the jury and one offering evidence may at any time withdraw same before it reaches the jury. The appellant had no right to vary the sequence of the introduction of testimony so as to compel the introduction or reception of any evidence in his behalf while the State was introducing its testimony.

Complaint is made of the testimony of the witness Langdon that the tires gotten by him from the witness Shaw were identified by the Panther Auto Supply Company people at the city hall. As

stated in the bill of exceptions, the ground of the complaint, to-wit, that such identification was out of the hearing and presence of the appellant, is not well taken, there being nothing in either the bill or the testimony of the witness Langdon which negatives the fact of appellant's presence at the time of such identification. In order to be sufficient the bill of exceptions must not only show that a certain ground of objection was stated to the court by appellant's counsel but must go further and show that the ground stated in fact existed.

The language of the State's attorney was not seriously objectionable in either of the instances complained of; we do not think that same constituted a reference to the appellant's failure to testify.

Appellant further sought a new trial upon the ground of newly discovered evidence, attaching to his motion the affidavits of two women, one of whom was the appellant's wife. No sufficient showing is made either in the motion or in the affidavits, or in any other way, that such evidence was newly discovered. The court's approval of the bill of exceptions in this matter shows that both said witnesses were present at court and neither was used or put on the stand by appellant.

There being no errors shown by the record the judgment of the lower court is affirmed.

*Affirmed.*